IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Case No. 3:20-cr-371 |
| | ) | |
| Plaintiff, | ) | Judge James G. Carr |
| | ) | |
| v. | ) | |
| Tyronne Riley, | ) | Amended Order |
| Yvonne Harper, | ) | |
| Garrick "Gary" Johnson, | ) | |
| Larry Sykes, | ) | |
| | ) | |
| Defendants. | ) | |

The Federal Grand Jury has charged four members of the Toledo, Ohio, City Council: Tyrone Riley, Larry Sykes, Yvonne Harper, and Gary Johnson[1] with soliciting and accepting bribes in exchange for their votes on matters before that body. In doing so, the indictment asserts, they conspired to and did violate the anti-extortion provisions of the Hobbs Act, 18 U.S.C. §§ 1951-52.

Following their entry of not guilty pleas, the defendants have filed a variety of motions. Each defendant is deemed to have joined in the motions, whether they filed a similar one or not. I have reviewed the motions, the government's opposition, and the defendants' replies. In addition, I have reviewed the affidavit supporting the four complaints, the complaints, the indictment, and the applications and affidavits for electronic surveillance under 18 U.S.C. §

---

[1] The indictment also charged Keith Mitchell, who died shortly after its return. The prosecution as to him has abated.

2

2510.

Having concluded that several motions need no further briefing or argument, on December 14, 2021, I informed defense counsel of my anticipated rulings on those motions. I also stated that I would write a short order memorializing my reasons for those decisions. Finally, I noted that, upon request and for purposes of appeal, if needed, I would prepare a more extensive and detailed order setting forth my reasons for my rulings if any party so desired.

The summary explanation for my rulings on these motions follows.

**1.      Defendant Johnson's Motion to Produce Grand Jury Testimony (Doc. 72)**

In this motion, Defendant Johnson seeks, "a limited portion of the grand jury transcript," namely, the instructions, concerning charges about the need to find probable cause as to a *quid pro quo* agreement before returning the indictment.

The defendant speculates that the instructions failed to include such instruction, if in fact, it is even required. In other words, at least for now, he has failed to show the prerequisite requirements of "compelling necessity" (*e.g., United States v. Proctor & Gamble Co.,* 356 U.S. 677, 682-88 (1958)) and "particularized need," (*e.g.*, *United States v. Short*, 671 F.2d 178, 184 (6th Cir. 1982)), for the access he seeks.

As indicated in the December 14th conference, I will review the instructions to the Grand Jury *in camera,* along with the Sixth Circuit's recent decision in *U.S. v. Henderson*, 2 F.4[th] 593 (6th Cir. 2021). The AUSA representing the government in this case was also its representative in *Henderson.* He represents that the Circuit's rejection of a challenge to the Grand Jury instructions in *Henderson* compels me to do likewise here. This is so, he states, because *Henderson* was also a Hobbs Act prosecution, and the Grand Jury received the same instruction there as here. I will review both sets of instructions *in camera* to confirm that is so.

Consequently, denial of this motion is without prejudice. In the event that the decisions on the motions, which are currently held in abeyance, include a ruling that the indictment in a Hobbs Act extortion case must allege the existence of a *quid pro quo*, the defendant may seek leave of court to refile.

**2.      Defendant Johnson's Motion to Dismiss (Doc. 73)**

Defendant Johnson claims that the government's contact and conversation with an official of a nearby hospital, Mercy Health - St. Vincent Health Center, and a resulting confidentiality agreement that the FBI had the official sign constituted outrageous, unfair, and prejudicial conduct. If this conduct shocks my judicial conscience, dismissal is compelled. However, I find nothing untoward or improper about the government's conduct, much less troublesome in any way. Unusual, possibly, but that fact alone, does not justify or require dismissal of the charges against Defendant Johnson.

The defendant expressed concern that the hospital might publicly oppose having a nearby Internet café on Central Avenue. Such opposition might have doomed efforts to secure Council's approval of a special use permit (SUP). Without such approval, the café could not be opened.

Knowing the defendant's concerns, and, apparently not wanting the hospital to intervene with Council, an FBI agent approached the hospital official responsible for its neighborhood relations. The Agent met with the official, assuring no Internet café would open at the proposed location. The Agent had the official sign a confidentiality agreement. Extracting this modest, likely short-term, hush-hush pledge bears no resemblance to the forced warrantless extraction, without prior court approval, of a suspect's stomach contents as the court addressed in *Rochin v. California*, 342 U.S. 165, 172 (1952).

That conduct *was* shocking to the Supreme Court's collective judicial conscience. Conversely, applying the Court's *Rochin* standard, I find nothing whatsoever shocking about the

agent's asking for and securing a vow of silence from a likely willing signatory.

Nevertheless, I will undertake an *in camera* review of the confidentiality agreement to confirm, among other things, that it has expired. By now, the signatory official should be free to talk or not talk to anyone he or she may care to. This includes defense counsel, who also should be free to subpoena the official for trial if he wants him to be a witness.

**3.      Defendant Riley's Motion for Severance. (Doc. 74)**

Additionally, Defendant Riley contends that being tried with the other three defendants would deprive him of his rights to a fair trial and effective assistance of counsel. In support of his motion, he suggests that misjoinder has occurred, and that in any event, severance is necessary to avoid the spillover effect of evidence against his co-defendants, as to whom, he alleges, he bears no relationship.

He also points to the potential for conflicting defenses, jury confusion, and the alleged complexity of the presentation of the evidence at trial.

With respect at least to Defendant Sykes, that is not so. The government contends that it has evidence that Defendants Riley and Sykes concurrently accepted bribes during a luncheon at a Toledo restaurant. Clearly as to the two of them, they should be jointly tried. Moreover, while I have designated this case complex for purposes of scheduling and timing, it is, compared to many conspiracy cases, of relatively small scope. There are only four defendants, all of whom are alleged to have been co-conspirators in that they took bribes and voted jointly on several matters. The number of those instances is few and should not be difficult for the jury to keep pigeon-holed. I understand that discovery, perhaps due mostly to the prolonged period of electronic surveillance, has been extensive, but again, the number of alleged bribes is relatively small. Assuming that is the case, there appears to be little risk of spillover.

Prevailing law supports this decision. As noted, I am persuaded that the jury will be able

to keep the evidence as to each defendant separate. *United States v. Rox,* 692 F.3d 453, 454 (6th Cir. 1992). That one defendant may be less culpable than others does not justify severance. *United States v. Johnson* 763 F.2d 773, 777 (6th Cir. 1985). In this case, therefore, at least as to Defendant Riley and Defendant Sykes, the doctrine that "defendants charged together should be tried together" applies. *See United States v. Cobleigh*, 75 F.3d 242, 247 (6th Cir. 1996).

At this point, this ruling applies only to Defendants Riley and Sykes. I hold in abeyance a ruling about Defendants Harper and Johnson. Defendant Johnson's motion as to the sufficiency of his alleged involvement in a conspiracy with them remains open.

As to Defendant Harper, my present understanding is that she relied on Nabil Shaheen for advice concerning City Council matters. Specifically, she is alleged to have asked Shaheen how to vote concerning a competitor's desire to put in a gas station/convenience store. According to the government, she stated she could make it "complicated" for them. As with Johnson, I am holding in abeyance a ruling as to whether the government has or can adequately show that she may have been a co-conspirator with others in advance.

## 4. Defendant Riley's Motion to Dismiss Counts 1, 2, 3, 6, 9, and 11 for Lack of Subject Matter Jurisdiction (Doc. 76).

In this motion, Defendant Riley argues that the extortion provision of the Hobbs Act, at least insofar as the government seeks to apply it to him, exceeds the power of Congress under the Commerce Clause. The gravamen of this contention is that the government will be unable to show that the defendant's alleged acceptance of bribes - in exchange for votes - had a **substantial** effect on interstate commerce. To meet this requirement, the government must show that the defendant's actions had more than a **"*de minimis*"** effect on interstate commerce. *See, e,g., United State v. Lopez,* 514 U.S. 549 (1995) [Emphasis added].

Well-settled precedent makes clear that Hobbs Act prosecutions do not offend restrictions

on the government's regulatory authority under the Commerce Clause. *See, e.g., Unites States v. Smith,* 182 F.3d 452, 456 (6th Cir. 1999); *United States v. Baylor,* 517 F.3d 899, 902 (6th Cir. 2008). This doctrine applies to Hobbs Act convictions for armed robbery of gas stations and convenience stores. *See, United States v. Hardy*, 302 F. App'x 420, 422 (6th Cir. 2008) (convenience store robberies had *de minimis* effect on interstate commerce); *United States v. Watkins*, 509 F.3d 277, 281 (6th Cir. 2007) (*de minimis* standard applies to robberies directed against business entities).

The government argues that the defendant's motion is premature. It seems ripe to me, in light of what I understand the government's evidence will be about Defendant Riley's actions. According to the government, the defendant, without paying, either ate meals at restaurants or took delivery of refreshments from convenience store owners for political purposes. If so, his conduct was no less *de minimis* than those of an armed robber, taking a cash drawer's contents, or items from a cooler or shelves

Were the government to establish a *quid pro quo,* Defendant Johnson's agreement to attempt to secure an override of the Planning Commission's action could have had a substantial effect on interstate commerce. After all, the Internet, by its very nature, is interstate. Likewise, if the defendants were corruptly motivated by their votes to keep further Internet cafés from opening, that too would have a substantial effect on interstate commerce.

For now, I have held a decision on the adequacy of the indictment, *vis-à-vis,* its conspiracy allegation, in abeyance. If I overrule the defendants' motions and objections pertaining to the conspiracy charge, the evidence as to the actions of one defendant will be attributable to all defendants. *See United States v. Chambers*, 382 F.2d 910, 914 (6th Cir. 1967). Thus, even if arguably, what the other defendants did had a *de minimis* effect on commerce, the jury could find, via Defendant Johnson, that the overall conspiracy had a constitutionally

sufficient effect on commerce.

**5.      Defendant Riley's Motion for Disclosure of Evidence regarding Promises of Leniency or Benefits to Witnesses (Doc. 80); Motion in Limine (404(b) evidence) (Doc. 82); and Motion for Disclosure of Other Acts Evidence (Doc. 83).**

As stated during the December 14, 2021 status conference, each of these motions is premature and will be denied on that basis, without prejudice, to renew not later than six weeks before trial, or as the Court may otherwise direct.

## Conclusion

For the foregoing reasons, it is hereby ORDERED:

Defendant Johnson's Motion to Produce Grand Jury Testimony (Doc. 72) be and the same is hereby DENIED.

Defendant Johnson's Motion to Dismiss/Request for Hearing (Doc. 73) be and the same is hereby DENIED.

Defendant Riley's Motion to Sever Defendant for Trial (Doc. 74) be and the same is hereby DENIED.

Defendant Riley's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 76) be and the same is hereby DENIED.

Defendant Riley's Motion for Disclosure of Evidence Regarding Promises of Leniency or Benefits to Witnesses (Doc. 80) be and the same is hereby DENIED without prejudice.

Defendant Riley's Motion in Limine (Doc. 82) be and the same is hereby DENIED without prejudice.

Defendant Riley's Motion for Disclosure of Other Acts Evidence (Doc. 83) be and the same is hereby DENIED without prejudice.

So Ordered.

/s/ James G. Carr
Sr. U.S. District Judge

8