UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:20-cr-371

   Plaintiff,

v.   MEMORANDUM OPINION
   AND ORDER

Garrick "Gary" Johnson, *et al.*,

   Defendants.

### I. INTRODUCTION AND BACKGROUND

On July 21, 2020, a federal grand jury returned a 13-count indictment charging Defendant Garrick "Gary" Johnson and co-Defendants Tyrone Riley, Yvonne Harper, Keith Mitchell, and Larry Sykes with conspiring to violate the Hobbs Act, 18 U.S.C. § 1951, by extortion under color of official right. (Doc. No. 12). Johnson also was charged with two individual counts of extortion under color of official right. (*Id.* at 5, 8-9); (*see also* Doc. No. 105).

Johnson has filed a motion to determine the admissibility of co-conspirator statements, (Doc. No. 64), and a motion to sever his trial from the trial of his co-Defendants. (Doc. No. 68). He also requests a hearing in connection with these motions. (*See* Doc. No. 64 at 2; Doc. No. 90 at 2). The parties have completed briefing on Johnson's motions. (Doc. Nos. 87, 90, 101, and 102). For the reasons stated below, I deny Johnson's request for a hearing and his motions.

## II.   ANALYSIS

"As a general rule, persons jointly indicted should be tried together because 'there is almost always common evidence against the joined defendants that allows for the economy of a single trial.'" *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002) (quoting *United States v. Phibbs*, 999 F.2d 1053, 1067 (6th Cir. 1993)).  The Federal Rules of Criminal Procedure include an exception to this general rule, providing that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim. P. 14(a).

As Johnson concedes, (Doc. No. 68 at 2), a conspiracy charge generally provides an adequate basis for holding a single trial.  *See, e.g., United States v. Kelley*, 461 F.3d 817, 830 (6th Cir. 2006) ("Joinder is permissible in a conspiracy count and substantive counts arising out of the conspiracy because the fundamental principle of a conspiracy charge is the agreement to a common plan or scheme to perpetrate some illegal activity.").  But Johnson argues he will be prejudiced by a joint trial because there is a "total lack" of evidence connecting him to a conspiracy involving his co-defendants and because he may be unable to cross-examine his co-defendants at trial regarding any statements they made implicating him in the alleged conspiracy.  (Doc. No. 68 at 3-4).  Johnson's arguments are not persuasive.

It is the government's burden to offer "'proof beyond a reasonable doubt that a conspiracy existed, that the accused knew it, and with that knowledge intentionally joined that conspiracy.'" *United States v. Gallo*, 763 F.2d 1504, 1520 (6th Cir. 1985) (quoting *United States v. Bright,* 550 F.2d 240, 241-42 (5th Cir. 1977)).  A jury may conclude a conspiracy existed based upon "reasonable inferences from direct, as well as circumstantial, proof."  *Kelley*, 461 F.3d at 825 (citation omitted).

The government represents it will offer evidence the Defendants agreed to vote in favor of approving a special use permit ("SUP") in every instance in which one or more of the Defendants received a bribe in connection with the SUP application. (Doc. No. 87 at 8). The government then describes a series of conversations between Johnson and a confidential source in which, the government alleges, Johnson sought donations to his election campaign for Lucas County Sheriff in exchange for a vote in favor of approving a specific SUP application. (*Id.* at 8-10). The government asserts Johnson first asked what Riley's position was regarding this SUP and expressed support for the application once the confidential source told Johnson that both Riley[1] and Sykes would support the application as well. (*Id.* at 8-9).

While the government also contends there is other evidence connecting Johnson to the conspiracy, a defendant's single act may be sufficient to establish he is part of a conspiracy if that act is "'one from which . . . knowledge [of the broader conspiracy] may be inferred.'" *Gallo*, 763 F.2d at 1520 (quoting *United States v. Sperling*, 506 F.2d 1323, 1342 (2nd Cir. 1974)) (further citation omitted). While Johnson argues the government has not offered any evidence that he communicated with his co-defendants regarding the conspiracy, (Doc. No. 102 at 1-2), he fails to show such evidence is required. Johnson's alleged conversation with and acceptance of a bribe from the confidential source, if proven, is sufficient to establish Johnson was a part of the conspiracy.

And that evidence also provides a sufficient basis to maintain joinder for trial. As Johnson concedes, (Doc. No. 68 at 5), "spillover of evidence from one case to another generally does not require severance." *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002). He fails to demonstrate

---

[1] The government contends Riley's approval is of particular relevance, as Riley had expressed opposition to the SUP application only a few days before the source approached Johnson, only to vote in favor of the application once Johnson allegedly agreed to accept the bribe. (Doc. No. 87 at 8-9).

this case is one of the "exceptional" cases in which that general rule should be disregard. *United States v. Breinig*, 70 F.3d 850, 853 (6th Cir. 1995).

Next, Johnson argues joinder of his trial with that of his co-defendants would be prejudicial because he anticipates the government will offer statements from his co-defendants implicating him and he will be unable to test those statements in the likely event that his co-defendants choose not to testify. (Doc. No. 68 at 5). Relatedly, Johnson has moved for a pretrial determination of the admissibility of his co-defendants' statements. (Doc. No. 64).

Rule 801 exempts out-of-court statements offered against an opposing party where those statements were "made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). The Sixth Circuit recognizes three methods for testing coconspirator statements, two of which are a pretrial hearing and admitting the coconspirator statements "subject to later demonstration of their admissibility by a preponderance of the evidence." *United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979).

Johnson argues a pretrial hearing would "minimize[] the potential for prejudice and promote[] judicial economy by making a consequential decision without delaying the trial." (Doc. No. 64 at 5). As the parties concede, the latter method is the common practice in many courts, including the Northern District of Ohio, Western Division. And, as the government notes, Johnson has not identified any specific statement as problematic. (*See* Doc. No. 87 at 3). Johnson does not dispute this, instead arguing "the evidence is so sparse that it makes no sense to require him to wait for trial to develop this point." (Doc. No. 90 at 2).

Johnson's argument is not persuasive. The Federal Rules of Criminal Procedure permit a party to raise by pretrial motion only those "defense[s], objection[s], or request[s] that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). The pretrial hearing Johnson proposes would focus almost entirely on the merits of the government's case – whether there is a

4

"paucity of conspiracy evidence applicable to Mr. Johnson, . . . [and therefore] real potential for a mistrial when the conspiracy fails to materialize" during the trial. (Doc. No. 90 at 3).

The possibility of a mistrial or a successful Rule 29 motion is the risk the government runs if the evidence in fact is as Johnson suggests. But that is a determination for a later day. Johnson fails to show a pretrial hearing is necessary to determine the admissibility of coconspirator statements or that he will be prejudiced by a joint trial with his co-defendants. Therefore, I deny his motion for a hearing and deny his motion to sever on this basis.

### III. CONCLUSION

I conclude Johnson has not carried his burden to show a joint trial would be unfairly prejudicial or to show a pretrial hearing is necessary to determine the admissibility of coconspirator statements. Therefore, and for the reasons set forth above, I deny his motions. (Doc. Nos. 64 and 68).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge