UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:20-cr-371

        Plaintiff,

v.   ORDER

Tyrone Riley, *et al.*,

        Defendants.

Defendants Tyrone Riley, Yvonne Harper, Garrick "Gary" Johnson, and Larry Sykes have been charged by indictment with conspiring to violate the Hobbs Act, 18 U.S.C. § 1951, by extortion under color of official right, as well as several individual counts of extortion. (Doc. Nos. 12 and 105). Harper also faces an additional charge of conspiracy to commit extortion, in violation of 18 U.S.C. § 371. Riley and Harper seek a pretrial hearing to determine the admissibility of co-conspirator statements. (Doc. Nos. 79 and 81). The parties have completed briefing on these motions. (Doc. Nos. 87, 89, 91, and 101).

Rule 801 exempts out-of-court statements offered against an opposing party where those statements were "made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). The Sixth Circuit recognizes three methods for testing coconspirator statements, two of which are a pretrial hearing and admitting the coconspirator statements "subject

to later demonstration of their admissibility by a preponderance of the evidence." *United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979).

Johnson previously moved for a pretrial hearing regarding the admissibility of co-conspirator statements. (Doc. No. 64). As I noted in denying Johnson's motion, "the latter method is the common practice in many courts, including the Northern District of Ohio, Western Division." (Doc. No. 128 at 4). While Riley argues *Bourjaily v. United States*, 483 U.S. 171 (1987), "mandates the need for an evidentiary hearing prior to trial and the inherent necessity for an enlarged scope of disclosure concerning the declarant relative to credibility factors in order to afford an accused his right of confrontation," (Doc. No. 81 at 7), this is not what *Bourjaily* requires.

First, at no point did the *Bourjaily* Court hold that a district court must hold a pretrial hearing or prohibit district courts from following what I have identified as the common practice in this District. Further, the Sixth Circuit has routinely permitted district courts to conditionally admit co-conspirator statements, "subject to the prosecution's satisfaction of the [*United States v.*] *Enright*[, 579 F.2d 980 (6th Cir. 1978),] requirements prior to the close of its case." *United States v. Tatum*, 462 F. App'x 602, 606 (6th Cir. 2012) (citing *United States v. Kone,* 307 F.3d 430, 440 (6th Cir. 2002)).

Moreover, to the extent Riley raises a challenge under the Sixth Amendment Confrontation Clause, the *Bourjaily* Court affirmed the appellate court's holding that "the requirements for admission under Rule 801(d)(2)(E) are identical to the requirements of the Confrontation Clause, and since the statements were admissible under the Rule, there was no constitutional problem." *Bourjaily*, 483 U.S. at 182.

What is left, for both Riley and Harper, are arguments about the insufficiency of the evidence in support of the government's case. (*See* Doc. No. 81 at 6 (arguing a hearing is necessary due to "the absence of evidence and the overly broad allegations concerning the Defendant's

purported involvement in the Government's charged conspiracy"); Doc. No. 89 at 2 (arguing evidence of Harper's involvement in the alleged conspiracy is "conspicuous by [its] absence")).

Johnson made similar arguments, and I rejected them as I do those made by Riley and Harper. (*See* Doc. No. 128 at 4-5). The question of whether the government can prove Riley and Harper conspired to commit extortion is one for the jury. *Cf.* Fed. R. Crim. P. 12(b)(1) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."). As I stated in denying Johnson's motion, "[t]he possibility of a mistrial or a successful Rule 29 motion is the risk the government runs if the evidence in fact is as [the Defendants] suggest[]." (Doc. No. 128 at 5).

I conclude Riley and Harper have not carried their burden to show a pretrial hearing is necessary to determine the admissibility of coconspirator statements. Therefore, and for the reasons set forth above, I deny their motions. (Doc. Nos. 79 and 81).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge