UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                               Case No. 3:20-cr-371

         Plaintiff,

     v.                                                       MEMORANDUM OPINION
                                                                        AND ORDER

Garrick "Gary" Johnson, *et al.*,

         Defendants.

## I.    INTRODUCTION AND BACKGROUND

Defendant Garrick "Gary" Johnson is charged with two counts of extortion under color of official right, in violation of 18 U.S.C. § 1951. (Doc. No. 105). He has filed a motion to dismiss those charges, arguing the indictment fails to state an offense and that § 1951 is void for vagueness in cases such as this one. (Doc. No. 184). The government filed a brief in opposition to Johnson's motion. (Doc. No. 189). Johnson indicated during an April 3, 2023 pretrial hearing that he did not intend to file a reply brief and, therefore, his motion is decisional. For the reasons stated below, I deny Johnson's motion.

## II.    ANALYSIS

Johnson first contends Counts 5 and 12 should be dismissed for failure to state an offense pursuant to Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure. Johnson argues the plain language of § 1951 does not cover conduct like that in which he allegedly engaged and "[n]either count alleges anything that could actually be described as extortion were it not for the

Supreme Court decision in *Evans v. United States*, 504 U.S. 255, 260 (1992)." (Doc. No. 184 at 2). Johnson further argues *Evans* was wrongly decided and should be overturned. (*Id.* at 2-4). But, as Johnson acknowledges, district courts are required to follow controlling Supreme Court decisions. *See, e.g., Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case," lower courts "should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."). Therefore, I deny Johnson's motion to the extent it seeks a result directly contrary to the Supreme Court's decision in *Evans*.

Johnson next argues Counts 5 and 12 should be dismissed because § 1951 is void for vagueness in cases like this one, where a political candidate is accused of accepting campaign contributions in exchange for an official act. "As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983) (citations omitted).

Johnson asserts § 1951 does not "explain[] to candidates what contributions they can and cannot accept" and that courts "have done little to demarcate the line between valid, lawful, and constitutionally-protected campaign financing, and illicit, corrupt, and unlawful bribery." (Doc. No. 184 at 5). Johnson's argument is not persuasive. In this case, as in others, the law "require[s] more than acts that may be of value to another. [It bars] '*quid pro quo* corruption – the exchange of a thing of value for an "official act." '" *United States ex rel. Martin v. Hathaway*, --- F.4th ---, No. 22-1463, 2023 WL 2661358, at *3 (6th Cir. Mar. 28, 2023) (quoting *McDonnell v. United States*, 579 U.S. 550, 574 (2016)). *See also United States v. Sittenfeld*, 522 F. Supp. 3d 353, 377 (S.D. Ohio 2021) ("[I]f there is one thing that everyone knows federal bribery law prohibits, it is agreeing to undertake official action in exchange for campaign contributions.").

The indictment alleges Johnson accepted money from an individual identified as Source 2 "in return for an explicit promise and understanding . . . to use his official influence, support and votes as a member of City Council to further Source 2's project on Central Avenue, Toledo, Ohio" as well as a project proposed by an individual identified as A.M. (Doc. No. 105 at 6, 10). These allegations fall squarely within the scope of federal bribery under § 1951 as described by *McDonnell* and other cases.

Johnson fails to show § 1951 is void for vagueness as applied in this case. Therefore, I deny his motion to dismiss on this basis as well.

### III. CONCLUSION

For the reasons set forth above, I deny Johnson's motion to dismiss. (Doc. No. 184).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
