UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,  Case No. 3:20-cr-371

        Plaintiff,

v.  MEMORANDUM OPINION
AND ORDER

Garrick "Gary" Johnson, *et al.*,

        Defendants.

## I. INTRODUCTION AND BACKGROUND

Following a jury trial, Defendant Garrick "Gary" Johnson was convicted of one count of extortion under color of official right, in violation of 18 U.S.C. § 1951. (Doc. No. 238). I subsequently sentenced him to a term of four months imprisonment and one year of supervised release. (Doc. No. 296). Johnson has appealed his conviction and sentence, (Doc. No. 302), and seeks to be released on bond while his appeal is pending. (Doc. Nos. 298 and 300). The government filed a brief in opposition to Johnson's motion. (Doc. No. 303). Johnson filed a reply brief and a supplement to his motion. (Doc. Nos. 307 and 308). For the reasons stated below, I grant Johnson's motion.

## II. ANALYSIS

"[A] person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, [shall] be detained, unless the judicial officer finds –

>   (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
>   (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
>   >   (i) reversal,
>   >
>   >   (ii) an order for a new trial,
>   >
>   >   (iii) a sentence that does not include a term of imprisonment, or
>   >
>   >   (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1). "[A]n appeal raises a substantial question when [it] presents a close question or one that could go either way." *United States v. Kincaid*, 805 F. App'x 394, 395 (6th Cir. 2020) (quoting *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985) (internal quotation marks omitted) (alterations by *Kincaid*)).

I conclude subsection (A) has been satisfied. Johnson has been on pretrial, and then postconviction, supervision since his arrest on June 30, 2020, and he has been in compliance with the terms and conditions of his release. The government concedes Johnson is not likely to flee and does not dispute Johnson's contention that he does not pose a danger to the safety of the community. (Doc. No. 303 at 4). I conclude Johnson's conduct during his nearly-four years on supervision establishes, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of the community if he remains on bond pending appeal.

I also conclude Johnson's appeal raises a substantial question. While Johnson identifies at least five grounds for appeal, it is his first ground – which seeks to probe the arguably murky waters in which a *quid pro quo* must be "express" but need not be "explicit" – that presents a close question of law. (*See* Doc. No. 300 at 2). The United States Court of Appeals for the Sixth Circuit likely will confront this question in another case currently on appeal, *United States v. Sittenfeld*. *See, e.g.,* Case No. 23-3840, Doc. No. 22. While briefing was ongoing in *Sittenfeld*, the Sixth Circuit ordered the parties

2

in this case to file expedited briefing. *See* Case No. 24-3098, Doc. No. 4. Briefing on Johnson's appeal will conclude just over a month after Sittenfeld filed his reply brief. The timing of the briefing in both cases, combined with the significant amount of interest this issue has drawn from *amici curiae* thus far, suggests this issue will have the Sixth Circuit's attention.

Moreover, the issue of whether the payment in this case was the product of a corrupt agreement is "integral to the merits" of Johnson's conviction. *Pollard* 778 F.2d at 1182. It is no great leap to conclude that Johnson's conviction will be reversed or vacated if the Sixth Circuit rules in his favor on this issue. And, given the short duration of Johnson's custodial term, it is very likely that Johnson will have completed his term of imprisonment before his appeal has been decided.

Therefore, I conclude that Johnson has met his burden under § 3143(b)(1) and I order that he remain on bond, subject to the same terms and conditions, while his appeal is pending.

### III. CONCLUSION

For the reasons set forth above, I grant Johnson's motions for release pending appeal. (Doc. Nos. 298 and 300).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge